882 So.2d 1085 (2004)
Kirsten E. AGRANOFF, Appellant,
v.
Stuart M. AGRANOFF, Appellee.
No. 2D03-3020.
District Court of Appeal of Florida, Second District.
September 10, 2004.
Rehearing Denied October 8, 2004.
John R. Lonergan of John R. Lonergan, P.A., Fort Myers, for Appellant.
Stuart M. Agranoff, pro se.
SALCINES, Judge.
Kirsten E. Agranoff, the Former Wife, appeals an order granting the petition of Stuart M. Agranoff, the Former Husband, to modify the final judgment of dissolution of marriage. The Former Wife specifically challenges the provision of that order which awarded the Former Husband the primary residential responsibility for the parties' minor children.[1] We reverse that provision of the modification order because the Former Husband failed to meet the extraordinary burden necessary to support a postdissolution change of custody.
In a modification proceeding there is a presumption in favor of the *1086 custodial parent "which can only be overcome by satisfying an extraordinary burden." Wyckoff v. Wyckoff, 820 So.2d 350, 352 (Fla. 2d DCA 2002) (quoting Gibbs v. Gibbs, 686 So.2d 639, 641-42 (Fla. 2d DCA 1996)). The party petitioning for a change in parental responsibility must demonstrate that circumstances have substantially changed since the final judgment and that the change has had such an important impact on the children that a change of custody is justified. Gibbs, 686 So.2d at 641. In order to justify the change in custody, the petitioning parent must establish that the custody change would clearly promote the children's best interest and that a failure to change custody would be detrimental to the children's overall best interests. Id. at 641-42.
In the present case, the trial court noted one factor which influenced its decision to modify the custody provision  the fact that the Former Husband's financial condition was superior to that of the Former Wife. That factor alone, however, does not support a decision to modify custody under the extraordinary burden test. See Blosser v. Blosser, 707 So.2d 778 (Fla. 2d DCA 1998). The record lacks any finding concerning substantial change in circumstances and detriment to the best interests of the children or any facts which would support such a finding. Accordingly, we reverse and remand for the entry of an order reinstating the Former Wife as the parent with primary residential responsibility for the parties' minor children.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.
NOTES
[1] The Former Wife also challenges the provision that capped the amount of attorney's fees which were to be determined at a later date. The trial court orally pronounced that it believed the maximum fee it would grant would be $2500 but that it could not determine fees at that juncture. However, for some reason, the fee provision in the modification order was written as an absolute cap of $2500. That provision was erroneous. Nonetheless, this issue is moot in light of the entry of the subsequent attorney's fee order which has not been appealed.